# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER, | No. 2:18-CV-2288-WBS-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTIAN PFIFFER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition (ECF No. 14) for failing to state a cognizable federal habeas claim.

///
///
///
///
///
///
///
///
///

1

# I. BACKGROUND

A. **Procedural History**

Petitioner is currently serving a sentence of 25 years to life. ECF No. 1 at 23. Petitioner's habeas petition relates to a Rules Violation Report (RVR) issued on May 31, 2017. Id. at 58-59, 74. The RVR asserts Petitioner made threatening statements during a Mental Health Crisis Bed Interdisciplinary Treatment Team session. Id. at 58-59. Specifically, the RVR states Petitioner stated Tehachapi prison is "Hands on" and "they don't put cuffs on nobody". Id. The RVR states Petitioner continued, saying "when I get back to 4B, I'll tear their heads off when they touch me." Id. When asked who "they" are, Petitioner rolled his eyes and stated "you know who I'm talking about. I don't play that shit." Id. Petitioner was placed in restraints for his safety and the safety of those around him. Id. Petitioner then stated "that little three-inch piece of plastic shit ain't nothing. I done put some steel in people, ten inches of cold steel, wrapped with a red bandana. You know cause I'm a blood line, and I don't fuck around." Id.

Petitioner appealed the RVR, which was granted in part on October 4, 2017, at the second level, where the RVR was ordered to be reissued and reheard. Id. at 35. Petitioner appealed this decision to the third level. Id. at 28. This appeal was canceled on December 19, 2017, as the order for rehearing rendered the appeal moot. Id. The record shows an unsigned "Modification Order" addressing the reissuance and rehearing ordered dated October 11, 2017. The RVR was reissued in October 2017 and reheard in November 2017. Id. at 68-91. On November 17, 2017, after the rehearing, Petitioner was found guilty of the charge—threatening staff—and assed 60 days loss of behavioral credit. Id. at 87, 90.

Petitioner filed a Petition for a writ of habeas corpus in Kern County Superior Court, which was denied on April 4, 2017. ECF No. 1 at 3, 21. Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was denied on May 18, 2018, for failure to provide an adequate record. Id. at 4, 20. Petitioner filed his last state court petition in the California Supreme Court, which was summarily denied on July 11, 2019. Id. at 5, 39. Petitioner filed his federal habeas, currently pending before this Court, on August 22, 2018. ECF No. 1.

**B.    Habeas Claims**

Petitioner raises three grounds for relief: (1) Petitioner asserts his due process and equal protection rights were violated because he was denied witnesses who could testify that he was in a mental health crisis due to suicidal ideations at the time of the incident; (2) Petitioner asserts his due process rights were violated when, upon rehearing and reissuance of the RVR, the mental health assessment was modified; and (3) Petitioner seems to assert that his due process rights were violated because he did not receive proper mental health care.

## II. DISCUSSION

Respondent argues the petition should be dismissed because Petitioner fails to state a cognizable federal habeas corpus claim. Specifically, Respondent argues the Petition fails to state a cognizable claim because Petitioner is serving a 25 year to life sentence and can only be released if parole is found suitable under California Penal Code § 3041(a)(4). Thus, Respondent concludes, resolution in Petitioners favor would not necessarily spell speedier release from custody.

The federal habeas corpus statute, 28 U.S.C. § 2254, provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The courts have interpreted this statute to provide relief only where a successful challenge will shorten an inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Notably, the Ninth Circuit has held that federal courts lack habeas jurisdiction over claims for constitutional violations that do not challenge the validity of the conviction or do not necessarily spell speedier release. Blair v. Martel, 645 F.3d 1151, 1157–58 (9th Cir. 2011). Instead, such claims must be brought, if at all, in a § 1983 civil rights complaint. Id. With respect to disciplinary proceedings, habeas relief cannot be granted unless those proceedings necessarily affect the duration of time to be served. Muhammed v. Close, 540 U.S. 749, 754–55 (2004). Most recently, the Ninth Circuit has articulated that habeas relief is only available if success on the merits of a petitioner's

challenged disciplinary proceeding would *necessarily* impact the fact or duration of his confinement. Nettles v. Grounds, 830 F.3d. 922, 934–35 (9th Cir. 2016) (en banc).

The Court in Nettles applied traditional habeas standards and reasoned success on the merits of Nettles' claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole. Id. at 934-35. This is because, as the Court discussed, a rules violation is "merely one of the factors shedding light on whether a prisoner 'constitutes a current threat to public safety'" and thus the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole. Id. at 935.

Here, expungement of the RVR in this case would not compel a grant of parole. Success on petitioners claim challenging the RVR would not necessarily lead to a speedier release from prison and for that reason, Petitioner's claim cannot be brought in habeas. See Nettles, 830 F.3d at 934-35. Thus, this Court finds Petitioner's claims are not cognizable in habeas and must be dismissed.

The Court does note, however, the dismissal of this case as a section 2254 habeas corpus action, does not foreclose the possibility of relief under section 1983 as a civil rights action.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 14) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections

/ / /

/ / /

/ / /

/ / /

/ / /

4

with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst,</u> 951 F.2d 1153 (9th Cir. 1991).

Dated: June 11, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE